IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW J CHOY, <br><br> Plaintiff, <br><br> vs. <br><br> FBOP, DOJ, and US MARSHALS, <br><br> Defendants. | 8:24CV318 <br><br> **MEMORANDUM AND ORDER** |

On August 14, 2024, Plaintiff Matthew J. Choy ("Plaintiff") filed an unsigned Complaint (the "Complaint"). Filing No. 1. On August 26, 2024, Plaintiff filed a motion to proceed in forma pauperis, also unsigned (the "IFP Motion"). Filing No. 4. On August 27, 2024, the Clerk of Court advised Plaintiff that his Complaint and IFP Motion were unsigned and therefore deficient. Filing No. 5 (text notice). The Clerk of Court directed Plaintiff to "correct the deficiency" (i.e., file a signed Complaint and IFP Motion) within 14 days, or the pleadings "may be stricken from the record of this case." Filing No. 5 (text notice). Plaintiff has failed to follow the Clerk of Court's directions, instead filing what he titled a "Motion to Appeal (Docket #4, for motion to proceed in forma pauperis)" (the "Motion to Appeal"). Filing No. 6.

As an initial matter, this Court cannot proceed with addressing the allegations in Plaintiff's Complaint without the Complaint being signed. Rule 11 of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign all of his pleadings, motions, and other papers, and requires courts to "strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a). In addition, when Plaintiff filed his Complaint, he failed to include the $405.00

filing and administrative fees but later submitted the IFP Motion seeking to proceed without payment of fees but, again, failed to sign it in violation of Rule 11(a). Additionally, the IFP Motion does not comply with the terms of 28 U.S.C. § 1915, the statute authorizing proceedings in forma pauperis. See 28 U.S.C. § 1915(a)(1) (requiring the plaintiff to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor"). Due to this insufficiency, the lack of signature on the IFP Motion, and Plaintiff's failure to comply with the Clerk of Court's direction, the IFP Motion, Filing No. 4, shall be stricken.

In the Motion to Appeal, Plaintiff appears to challenge his sentencing in one or more criminal cases and his attorney's representation of him in that proceeding. Filing No. 6 at 1–2. Such relief is not available to him under 42 U.S.C. § 1983. "[T]o the extent plaintiff challenges the validity of his criminal sentence, whether it be by prosecutorial misconduct, ... ineffective assistance of counsel, or other grounds," a habeas corpus action is the appropriate platform on which to proceed, not § 1983. *Morris-Bey v. 5 Semi-Unknown St. Louis Metro. City Police Officers*, No. 4:07-CV-1814, 2009 WL 724010, at *3 (E.D. Mo. Mar. 13, 2009) (citation omitted); See *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994) (Explaining that forms of relief that call into question the validity of a plaintiff's conviction and/or sentence are not available under § 1983). Moreover, it is unclear how the Motion to Appeal relates to the IFP Motion pending in this case. For these reasons, the Motion to Appeal, Filing No. 6, shall be denied.

Accordingly, the Court shall order Plaintiff to file a signed Complaint in accordance with Federal Rule of Civil Procedure 11 and the Court's Local Rules and either submit the $405.00 filing and administrative fees or a signed request to proceed in forma pauperis

that complies with 28 U.S.C. § 1915. This matter cannot proceed until the foregoing deficiencies are corrected. FAILURE TO CORRECT THE DEFECTS WITHIN 30 DAYS WILL RESULT IN DISMISSAL OF THE COMPLAINT WITHOUT FURTHER NOTICE.

IT IS THEREFORE ORDERED that:

1. The Clerk of the Court is directed to strike the IFP Motion. Filing No. 4.

2. The Motion to Appeal, Filing No. 6, is denied without prejudice.

3. Plaintiff must (1) file a signed copy of his Complaint and (2) either pay the $405.00 filing and administrative fees or submit a new *signed* request to proceed in forma pauperis to the Clerk's office. Plaintiff is directed to correct the above-listed technical defects on or before **October 30, 2024**. To be clear, failure to comply with this Memorandum and Order will result in dismissal of this matter without prejudice and without further notice.

4. The Clerk of the Court is further directed to send to Plaintiff the Form AO240 (Application to Proceed Without Prepayment of Fees and Affidavit) and a copy of his Complaint, Filing No. 1, so he may return it to this Court with his signature.

5. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **October 30, 2024**: deadline for signed Complaint and MIFP or payment.

Dated this 30th day of September, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court